IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARK OERDING,

        Plaintiff,

                                          Civil No. 08-633-PK
                                          ORDER

        v.

MICHAEL J. ASTRUE,
COMMISSIONER of Social Security,

        Defendant.

HAGGERTY, District Judge:

      Magistrate Judge Papak has issued an exhaustive Findings and Recommendation [29] proposing that the fee request from plaintiff's counsel [26] be granted, awarding counsel $11,472.75 (25 percent of the presumed retroactive benefits award to his client of $45,891.00), which for reasons discussed below, would be reduced to a net award of $6,722.75 after subtracting a prior fee award. Unsurprisingly, there have been no objections from the Commissioner to the Findings and Recommendation, because it is plaintiff's representative seeking the award from plaintiff's benefits. The Commissioner appears to maintain little interest in participating in the determination of how plaintiff's benefits should be proportioned after benefits are awarded.

Page 1 - ORDER

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). When no timely objection is filed, this court nevertheless examines the record for clear error before adopting the recommendation of the Magistrate Judge. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974).

## I.   ANALYSIS

Upon entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Such fee awards are paid from a claimant's retroactive benefits award. *Id.* An attorney receiving such a fee award may not seek any other compensation from a claimant besides a § 406(b) fee. *Id.*

Accordingly, in cases in which a court approves a fee award based upon the Equal Access to Justice Act (EAJA) as well as a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Under *Gisbrecht*, the court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25 percent cap. Here, counsel and his client executed a contingent-fee agreement that appears to be within the statutory limits.

Relatedly, the court then confirms that the fee amount sought by counsel is not more than 25 percent of the disabled person's retroactive benefits (§ 406(b)'s ceiling). Obviously, such a determination requires evidence of the retroactive benefits awarded to the claimant. Here,

plaintiff's counsel "represented" to the Magistrate Judge that he obtained at least $47,336.50 in retroactive benefits for his client, but this information was incomplete. Findings and Recommendation at 7 n.1. The Magistrate Judge construed the retroactive benefits amount to be $45,891.00, which would be consistent with counsel's requested 25 percent award of $11,472.75 (which would be subject to a subtraction of $4,750.00, counsel's previously awarded EAJA fee, resulting in a net award of $6,722.75). Findings and Recommendation at 7.

Although counsel has not voluntarily reduced his fee request to less than 25 percent provided for in the contingency fee contract, that fact alone does not void the agreement. Fee agreements that do not result in an award *exceeding* 25 percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement yields "reasonable results" under the applicable circumstances. *Gisbecht*, 535 U.S. at 807; *see also Lewis v. Sec'y of Health and Human Servs.*, 707 F.2d 246, 248-50 (6th Cir. 1983) ("[r]outine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum") (citation and internal quotation omitted).

This court notes with approval the careful analysis provided recently by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Comm'r*, No. Cv. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. December 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).

Magistrate Judge Acosta further recognized the court's duty to review contingent-fee arrangements as an independent check and to issue an affirmative judicial finding that the fee

allowed is reasonable.  *Id*. (citation and internal quotation omitted).  Upon a determination that the fee agreement and the amount requested is within statutory limits, a court turns to "its primary inquiry, the reasonableness of the fee sought."  *Id*. at 10.

The burden rests with the plaintiff's counsel to establish the requested fee's reasonableness.  *Gisbrecht*, 535 U.S. at 807.  As the Supreme Court noted, the real party in interest in § 406(b) fee motions is the attorney, not the claimant.  *Id.* at 798 n.6.

A court evaluating a counsel's showing of reasonableness under § 406(b) is instructed to acknowledge the "primacy of attorney-client fee agreements."  *Gisbrecht*, 535 U.S. at 793.  However, contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected.  *Id.* at 807.  The court may reduce a contingent fee "based on the character of the representation and the results the representative achieved."  *Id*. at 808.  For example, a contingent fee award may be reduced if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case.  *Id.*

The Ninth Circuit recently issued an *en banc* decision addressing the § 406(b) reasonableness analysis under *Gisbrecht*.  *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).  The *Crawford* majority emphasized that the Supreme Court has provided a "clear directive" that a district court should begin its analysis with the attorney-client fee agreement, and then apply any appropriate reductions to the calculated contingency fees to arrive at a reasonable fee:

> the Supreme Court's clear directive [is] that the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall.

Page 4 - ORDER

*Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

The Ninth Circuit articulated four factors derived from the *Gisbrecht* analysis that district courts should use in determining whether a reduction from the contingent-fee agreement is appropriate:

1. the character of the representation, specifically, whether the representation was substandard;
2. the results the representative achieved;
3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). In other words, courts are empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

### 1. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The Supreme Court has instructed that this aspect of the reasonableness analysis emphasizes whether the character of the plaintiff's representation was substandard. *Gisbrecht*, 535 U.S. at 808 (citing *Lewis*, 707 F.2d at 248-50. The *Lewis* court considered the counsel's poor preparation for hearings, failures to meet briefing deadlines, submissions of court documents void of legal citations, and misconduct in overbilling the claimant to amount to substandard representation. *Id*.

The record in this case fails to reveal that counsel's conduct in this case was in any way as egregious as the kind of representation considered by the court deciding *Lewis*. The record in this case provides no basis for a reduction in the requested § 406(b) fee due to the character of counsel's representation.

### 2.     Results Achieved

Here, counsel won a remand for further proceedings for the claimant. However, the Commissioner did not dispute that remanding the action was proper. Plaintiff's counsel did nothing more after filing an Opening Brief, and the Magistrate Judge entered an Order and Judgment on the basis of the Commissioner's subsequent stipulation. A successful result, even obtaining an order for an award of benefits, should not be viewed in isolation, and does not require a fee award of 25 percent of a claimant's retroactive benefits award. *Dunnigan,* No. Cv. 07-1645-AC, 2009 WL 6067058, at *12.

> If [a successful result] always supported awarding fees for the full twenty-five percent, it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of "making reasonableness determinations in a wide variety of contexts[.]"

*Id*. (quoting *Gisbrecht*, 535 U.S. at 808).

### 3.     Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The *Gisbrecht* Court reasoned that a reduction of a requested fee is appropriate under § 406(b) in cases in which the requesting attorney could profit from the accumulation of benefits by inappropriately causing delay in the proceedings while the case is pending. *Gisbrecht*, 535

Page 6 - ORDER

U.S. at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Here, no evidence in the record suggests that the extensions sought and obtained were intended, even in part, to delay the proceedings in this case. Accordingly, reduction of a fee request based upon 25 percent of the claimant's retroactive benefits award under this factor alone is not warranted.

### 4.    Proportion

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In light of the size of the retroactive benefits recovered in relation to a reasonable estimate of the complexity of the representation, and the estimated number of hours that should have been necessary to fairly conduct that representation, a reduction of the maximum fee allowable under the applicable statute is warranted. This conclusion is based upon the circumstances presented, including the generally non-adversarial posture of the Commissioner after plaintiff's Opening Brief was filed, and the lack of any further federal litigation after the parties' stipulated remand. Moreover, despite the Magistrate Judge's conclusion that "compensation of an effective hourly rate of $414.93 would not disproportionately overcompensate [plaintiff's] counsel" for the risk that plaintiff's counsel undertook, this court is more persuaded by the Magistrate Judge's finding that from his perspective, "as the judge to whom [plaintiff's] request for judicial review was presented, [counsel's case was] significantly less risky than the average Social Security claim." Findings and Recommendation at 13. Counsel's failure to provide any information as to his "pre-litigation assessment of the risk

presented" by plaintiff's claim was another factor considered in evaluating the proportionality of counsel's fee request. Findings and Recommendation at 12-13.

## II.     FEE CALCULATION

This court accepts the reasonableness of the hours billed for this litigation (27.65 hours). Findings and Recommendation at 11 (citation omitted). However, the court concludes that an award of 25 percent of plaintiff's retroactive benefits results in a disproportionate windfall for counsel. Instead, after examining the record and the factors considered in determining the reasonableness of fee awards, the court concludes that counsel's fee award should total 13 percent of the alleged retroactive benefits award. Accordingly, counsel is awarded $1,215.83. This amount equals 13 percent of the retroactive award of $45,891.00 ($5,965.83), minus $4,750.00, counsel's previously awarded EAJA fee.

## III.    CONCLUSION

The Findings and Recommendation [29] is adopted in part. Counsel's motion [26] for Section 406(b) attorney fees is granted as follows: payment to plaintiff's counsel of $1,215.83 from plaintiff's retroactive benefits is approved.

IT IS SO ORDERED.

Dated this   18   day of October, 2010.

                                                  /s/ Ancer L. Haggerty  
                                                        Ancer L. Haggerty  
                                              United States District Judge